**Gregory Garrett BROWN, Appellant**

v.

**W. VICTOR, Inmate FK–7293; Terrence Pole, Inmate—Cell 1014–On GD—Quad; Philip Quinn, Inmate–Cell–1009–On GD Quad; Mr. Green, Inmate–Cell–1010 on GD Quad—Moved to observation on or around June 4, 2008; Mr. Housley, Inmate–Cell–2016–On GD Quad; John Doe, Inmate–Cell–**

1003–ON GD Quad; John Doe, Inmate–Cell–2001–On GD Quad; H. Andrews, Inmate–Cell–2005–On GD Quad.

No. 08–3899.

United States Court·of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and IOP. 10.6 June 18, 2009.

Filed: July 10, 2009.

Gregory Garrett Brown, Huntingdon, PA, pro se.

Before: MCKEE, FISHER and CHAGARES, Circuit Judges.

## OPINION

PER CURIAM.

Gregory Garrett Brown appeals from the District Court's dismissal of his civil complaint. For the following reasons, we will dismiss this appeal. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

In June 2008, Brown, an inmate currently incarcerated at SCI–Huntingdon, filed a pro se complaint alleging that guards at that institution ordered other inmates to verbally abuse him in order to induce him to commit suicide. Brown alleged that the defendants' actions violated the Convention Against Torture ("CAT"). Brown also appeared to allege a violation of the Eighth Amendment's proscription against cruel and unusual punishment. Upon the recommendation of the Magistrate Judge, and over Brown's objections, the District Court dismissed the complaint for failure

to state a claim. Brown filed a timely notice of appeal from that order.

We have jurisdiction pursuant to 28 U.S.C. § 1291. An appeal must be dismissed under 28 U.S.C. § 1915(e)(2)(B) if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

■■ The District Court correctly determined that the CAT is not self-executing, and, therefore, does not create judicially-enforceable rights unless it is first given effect by implementing legislation. *Auguste v. Ridge,* 395 F.3d 123, 132 n. 7 (3d Cir.2005). Brown, however, does not point to legislation which would provide him with a cause of action and cannot do so inasmuch as the domestic laws implementing the treaty do not provide civil redress for torture within the United States. *See Renkel v. United States,* 456 F.3d 640, 644–45 (6th Cir.2006). To the extent that Brown alleged that the inmates' actions constituted cruel and unusual punishment, that claim is meritless as verbal abuse alone cannot be the basis for an Eighth Amendment claim. *See DeWalt v. Carter,* 224 F.3d 607, 612 (7th Cir.2000). Finally, the District Court properly dismissed the complaint without giving Brown an opportunity to amend since allowing Brown to amend his complaint would have been futile. *See Grayson v. Mayview State Hosp.,* 293 F.3d 103, 114 (3d Cir.2002).

In sum, because Brown's appeal lacks arguable legal merit, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).